IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIOLA BELSER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PROGRESSIVE DIRECT )<br>INSURANCE COMPANY, )<br>)<br>Defendant. ) | Civil Action No.:<br>2:06cv1038MHT |

## OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS BY DEFENDANT, PROGRESSIVE HALCYON INSURANCE COMPANY ("PROGRESSIVE")

### GENERAL OBJECTIONS

1.  Progressive objects to any and all discovery requests to the extent that they are vague, overly broad, unduly burdensome, harassing and/or not calculated to lead to the discovery of relevant or admissible evidence.

2.  Progressive objects to any and all discovery requests to the extent that they seek information protected from discovery by any privilege, including the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege or immunity.

3.  Progressive objects to any and all discovery requests to the extent that they seek confidential, financial, or proprietary business information.

4.  Progressive objects to any discovery requests which are not reasonably limited in time and/or scope.

5.  Progressive objects to any and all discovery requests to the extent that they

contain certain key terms which are not defined or that are unreasonably compound, disjunctive, or conjunctive.

These "General Objections" are applicable to and incorporated into each of the defendant's responses as if specifically stated therein. The stating of specific objections to a particular request shall not be construed as a waiver of the defendant's "General Objections." Unless otherwise specifically stated, Progressive's objections to each discovery request apply to the entire request, including each and every subsection and/or subpart of the request.

## SPECIFIC OBJECTIONS AND RESPONSES

1. Progressive admits that it issued a policy of automobile insurance to the plaintiff which was in effect at the time of her accident. The policy number was 42162639-1. The policy provided $50,000 in UM coverage for injury to one person in an accident.

Progressive issued a separate policy of RV insurance to the plaintiff. The policy number was 32256693-0. The policy provided $20,000 in UM benefits for injury to one person in an accident.

2. Denied. There was only one vehicle listed on each Progressive policy.

3. Admitted based upon information available to Progressive at this time; however, Ms. Hall has not yet been deposed in this case.

4. Admitted that Tachima Hall was an uninsured motorist at the time of the accident. This admission is based upon information available to Progressive at this time.

5. Admitted that the plaintiff was entitled to assert an UM claim for this accident.

6. Denied. It appears that the plaintiff first notified Progressive of her accident on October 7, 2004.

7. Denied at this time. Progressive is aware of medical expenses in the approximate amount of $8505 although the Blue Cross/Blue Shield subrogation claim is less than that amount.

8. The undersigned attorney objects to this request on the ground that it requests a legal conclusion.

9. Denied based upon information furnished to Progressive at this time.

10. Denied as stated. Nevertheless, Progressive admits that it made an initial settlement offer to the plaintiff in the amount of $11,505. This offer was not accepted because the plaintiff stated that she was returning to physical therapy.

11. Denied.

12. Denied.

/s/ R. Larry Bradford

R. Larry Bradford, Attorney for Defendant,
Progressive Halcyon Insurance Company
Attorney Bar Code: BRA039

OF COUNSEL:
Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216

## CERTIFICATE OF SERVICE

I hereby certify that I have this the __15__ day of January, 2007, served a copy of the foregoing to all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Jerry M. Blevins, Esq.
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, AL 36106

_____
OF COUNSEL