IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIOLA BELSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO:2:06cv1038MHT |
| | ) |
| PROGRESSIVE HALCYON | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

### RESPONSE TO PLAINTIFF'S MOTION TO COMPEL BY DEFENDANT, PROGRESSIVE HALCYON INSURANCE COMPANY

Comes now the defendant, Progressive Halcyon Insurance Company ("Progressive"), and responds to plaintiff's motion to compel as follows:

1. Progressive previously filed objections and answers to plaintiff's interrogatories on April 5, 2007. See exhibit "A".

2. Progressive filed objections and responses to plaintiff's request for production of documents on April 4, 2007. See exhibit "B".

3. Progressive's representative's deposition was taken on April 6, 2007.

4. Also, the parties have agreed to mediate this case after the plaintiff's medical records are received by subpoena.

5. Progressive is in compliance with the court's order dated April 25, 2007.

        /s/ R. Larry Bradford
R. Larry Bradford, Attorney for Defendant, Progressive Halcyon Insurance Company
ASB-8038-f64r


        /s/ Shane T. Sears
Shane T. Sears, Attorney for Defendant, Progressive Halcyon Insurance Company
ASB-5531-r68s


OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, Alabama 35216
(205)871-7733


### CERTIFICATE OF SERVICE

    I hereby certify that I have this the ___1st___ day of May, 2007, served a copy of the foregoing to all attorneys of record by filing same electronically to addresses as follows:

Jerry M. Blevins, Esq.
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106


        /s/ Shane T. Sears
        OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIOLA BELSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 2:06cv1038MHT |
| PROGRESSIVE DIRECT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OBJECTIONS AND ANSWERS TO INTERROGATORIES BY DEFENDANT, PROGRESSIVE HALCYON INSURANCE COMPANY ("PROGRESSIVE")

### GENERAL OBJECTIONS

1. Progressive objects to any and all discovery requests to the extent that they are vague, overly broad, unduly burdensome, harassing and/or not calculated to lead to the discovery of relevant or admissible evidence.

2. Progressive objects to any and all discovery requests to the extent that they seek information protected from discovery by any privilege, including the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege or immunity.

3. Progressive objects to any and all discovery requests to the extent that they seek confidential, financial, or proprietary business information.

4. Progressive objects to any discovery requests which are not reasonably limited in time and/or scope.


DEFENDANT'S EXHIBIT A

5. Progressive objects to any and all discovery requests to the extent that they contain certain key terms which are not defined or that are unreasonably compound, disjunctive, or conjunctive.

These "General Objections" are applicable to and incorporated into each of the defendant's answers as if specifically stated therein. The stating of specific objections to a particular interrogatory shall not be construed as a waiver of the defendant's "General Objections." Unless otherwise specifically stated, Progressive's objections to each discovery request apply to the entire request, including each and every subsection and/or subpart of the request.

## SPECIFIC OBJECTIONS AND ANSWERS

1. The initial settlement offer by Progressive was made by its adjuster, Donald Lewis, on July 27, 2006. The initial offer was based upon Progressive's evaluation of the facts of the accident, the severity of the impact, the medical treatment rendered to the plaintiff by that date, the known medical bills by that date, and the Blue Cross/Blue Shield subrogation amount on that date.

Progressive's initial offer was in the amount of $11,505 which was made considering that the known medical bills were $8505 and the known Blue Cross/Blue Shield subrogation claim was in the amount of $7537 at that time. The offer included $3000 for general damages.

2. See answer to interrogatory number one. The offer was a total for all injury claims arising from the accident.

3. There was no separate breakout of pain and suffering and mental anguish; rather, Progressive's offer was for $3000 in general damages above the amount of the billed medical bills.

4. See answer to interrogatory number three.

5. The plaintiff had hot submitted any lost wages to Progressive although that information had bee requested from her.

6. Progressive is producing the medical records which it received on the plaintiff before this lawsuit was filed by her. The medical records were initially reviewed by Guy Markham until the file was reassigned to Donald Lewis around June 17, 2005. The face sheet notes reflect the analysis of the medical records at the time that the offer was made.

7. The undersigned attorney objects to this interrogatory on the ground that any reserve information would be protected from discovery because the UM case is still pending.

8. Progressive has not made any settlement offers after the initial offer because the plaintiff stated that she was still receiving medical treatment and did not want to discuss settlement at that time.

Then, Progressive received notice on September 7, 2006 that the plaintiff was represented by her attorney and obviously it did not have any direct contacts with the plaintiff after that date.

9. Progressive received a copy of the police report around October 7, 2004. It reflected that the tortfeasor did not have liability coverage. Progressive then wrote a letter to the tortfeasor on October 7, 2004 to confirm whether she had insurance on the automobile

which she was driving. It attempted follow-up phone calls to her. Progressive does not dispute that the tortfeasor was uninsured.

10. The plaintiff reported the facts of the accident to Progressive on October 7, 2004. Progressive obtained a copy of the police report on October 7, 2004 which indicated that the tortfeasor was at fault in causing the accident. Progressive was unable to contact the tortfeasor directly to discuss her version of the accident.

11. Progressive does not admit that its initial settlement offer was unreasonable. It appears that the plaintiff had prior degenerative changes and she apparently only had a soft tissue injury according to the initial medical records. Progressive is also aware that the plaintiff was able to return to work.

12. Progressive did attempt to contact the plaintiff again on October 13, 2004. It was informed by a family member that the plaintiff was fine at that time. Progressive was aware, however, that the plaintiff had some ongoing medical treatment. Progressive's adjuster, Donald Lewis, sent the plaintiff a wage authorization on July 15, 2005 so that he could evaluate any lost wages for settlement.

Progressive did not receive a response from the plaintiff concerning its requests for updated medical and wage loss information. Then, Progressive attempted to contact the plaintiff at her home on November 18, 2005 and was informed that she was at work.

Finally, Progressive made a settlement offer on July 27, 2006 based upon the information it had received from the plaintiff. The plaintiff responded that she did not want

to respond to the settlement offer at that time because she was at work. Therefore, Progressive was not aware of the amount of any lost wage claim when it made its settlement offer.

Progressive Halcyon Insurance Company

By: *Larry Jackey*

Its: Claims Attorney

Sworn to and subscribed before me this the 5 day of April, 2007.

*[signature]*
Notary Public

*[signature]*
R. Larry Bradford, Attorney for Defendant,
Progressive Halcyon Insurance Company
Attorney Bar Code: BRA039

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road, Suite 100
Birmingham, AL 35216

# FAX TRANSMISSION

## BRADFORD & SEARS, P.C.

2020 CANYON ROAD, SUITE 100
BIRMINGHAM, ALABAMA 35216
(205) 871-7733
FAX: (205) 871-7387

R. LARRY BRADFORD                           NO. OF PAGES: 6
SHANE T. SEARS                              INCLUDING COVER PAGE
JUSTIN B. LAMB
EVAN BAGGETT
JEREME LOGAN
THOMAS C. PHELPS, III

_____
OF COUNSEL
J. MARK BAGGETT

                                            DATE: APRIL 5, 2007

NAME:            JERRY BLEVINS, ESQ.

FAX NUMBER:      334.262.7644

FROM:            R. LARRY BRADFORD, ESQ.

SUBJECT:         BELSER V. PROGRESSIVE

COMMENTS:        ATTACHED PLEASE FIND PROGRESSIVE'S
                 INTERROGATORY ANSWERS. THANK YOU.


PLEASE CONTACT LUCY IF YOU HAVE TRANSMITTAL PROBLEMS.

**NOTICE**

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY IDENTIFIED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY COLLECT PHONE CALL AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA U.S. POSTAL SERVICE. WE WILL REIMBURSE YOU FOR POSTAGE.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIOLA BELSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 2:06cv1038MHT |
| PROGRESSIVE DIRECT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

### OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION BY DEFENDANT, PROGRESSIVE HALCYON INSURANCE COMPANY ("PROGRESSIVE")

### GENERAL OBJECTIONS

1. Progressive objects to any and all discovery requests to the extent that they are vague, overly broad, unduly burdensome, harassing and/or not calculated to lead to the discovery of relevant or admissible evidence.

2. Progressive objects to any and all discovery requests to the extent that they seek information protected from discovery by any privilege, including the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege or immunity.

3. Progressive objects to any and all discovery requests to the extent that they seek confidential, financial, or proprietary business information.

4. Progressive objects to any discovery requests which are not reasonably limited in time and/or scope.



5. Progressive objects to any and all discovery requests to the extent that they contain certain key terms which are not defined or that are unreasonably compound, disjunctive, or conjunctive.

These "General Objections" are applicable to and incorporated into each of the defendant's responses as if specifically stated therein. The stating of specific objections to a particular request shall not be construed as a waiver of the defendant's "General Objections." Unless otherwise specifically stated, Progressive's objections to each discovery request apply to the entire request, including each and every subsection and/or subpart of the request.

## SPECIFIC OBJECTIONS AND RESPONSES

1. Progressive is producing a complete copy of the claim file and face sheet notes through the date this lawsuit was filed.

2. Any communications with the plaintiff would be reflected on the face sheet notes and claim file which are being produced.

3. Any documents received from the plaintiff would be contained in the claim file which is being produced.

4. The medical records received by Progressive before its settlement offer are contained in the claim file and are being produced.

5. Progressive objects to this request on the ground that it is overbroad and unduly burdensome. Without waiving any objections, Progressive will produce any claim standards relating to evaluation of UM claims from October 2004 to October 2006.

Case 2:06-cv-01038-WHA-CSC   Document 15   Filed 05/01/2007   Page 11 of 11

_____
R. Larry Bradford, Attorney for Defendant,
Progressive Halcyon Insurance Company
Attorney Bar Code: BRA039

OF COUNSEL:
Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216

### CERTIFICATE OF SERVICE

I hereby certify that I have this the __4__ day of April, 2007, served a copy of the foregoing to all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Jerry M. Blevins, Esq.
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, AL 36106

_____
OF COUNSEL