IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIOLA BELSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.:  2:06cv1038-MHT |
| ) | |
| PROGRESSIVE DIRECT ) | |
| INSURANCE COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
### TO EXTEND SCHEDULING ORDER

**COMES NOW** the Plaintiff, Viola Belser, by and through her undersigned counsel, and files her opposition to Defendant's Motion to Extend Scheduling Order, and say's as follows:

1. That on June 11, 2007, Defendant filed its Motion to Extend Scheduling Order, wherein it requests ". . . that the court extend the deadline to file dispositive motions to allow it to file a motion for summary judgment." (Doc. 18).

2. In support of its motion, Defendant states "[t]hat the deposition of Progressive's representatives, Larry Lackey and Donald Lewis, were not taken until June 1, 2007, and that the parties recently completed the discovery process. (see ¶¶ 3 & 4 of Defendant's filing, respectively).

3. That the Uniform Scheduling Order dated December 8, 2006, established a trial date in this cause for the term commencing July 23, 2007, and further established the date of March 19, 2007, as the deadline for the filing of dispositive motions. (Doc. 5, Sections 1 & 2, respectively).[1]

4. Initially, Plaintiff opposes Defendant's motion as being untimely filed. In order to be

---

[1] In-fact, the parties actually agreed to an earlier cut-off date for the filing of dispositive motions of March 15, 2007, as reflected in the Report of Parties' Planning Meeting dated December 7, 2006. (Doc. 4, ¶4E.).

1

timely filed, Defendant's motion should have been filed prior to the Court imposed cut-off for the filing of dispositive motions - March 19, 2007. Defendant's motion was filed almost three (3) months beyond this date.

5. Plaintiff further opposes Defendant's motion on the basis that Defendant has failed to establish any basis for the requested extension. Both Larry Lackey and Donald Lewis are employed by Defendant. As such, Defendant was free to obtain affidavits from these individuals to include in a summary judgment motion and was not required to await their deposition testimony. Alternatively, Defendant has failed to establish any reason as to why it did not depose Mr. Lackey and/or Mr. Lewis prior to the date of March 19, 2007, if it desired to take these individuals depositions.

6. Finally, Plaintiff opposes Defendant's motion on the basis that while it is true discovery was recently completed, Defendant has failed to establish how this fact hindered its ability to file a timely summary judgment motion.

7. In-fact, Defendant appears to want the Court to reward its procrastination in filing a timely motion for summary judgment, by granting it an extension to do so. Plaintiff asserts that this is not a proper basis upon which to grant the requested extension.

8. While Defendant asserts that the requested extension will not prejudice Plaintiff, this is incorrect. Plaintiff is in the process of preparing for the trial of this cause and does not have time to get bogged down in eleventh hour summary judgment filings due to Defendant's procrastination in complying with this Court's Order. Additionally, in order to oppose a summary judgment motion, Plaintiff would need to depose Plaintiff's treating physician. This would not only require that discovery be re-opened, but, in all likelihood would also necessitate a request by Plaintiff to postpone the trial date. Plaintiff does not desire to delay the trial of this cause.

**WHEREFORE** Plaintiff requests that the Court deny Defendant's Motion to Extend Scheduling Order, for the reasons set forth herein.

/s/ Jerry M. Blevins
JERRY M. BLEVINS (BLE003)
Counsel for Plaintiff

OF COUNSEL:
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334) 262-7600 (Voice)
(334) 262-7644 (Fax)
E-Mail: ATTYJMBlev@aol.com

CERTIFICATE OF SERVICE

    I hereby certify that on the 13th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

        R. Larry Bradford, Esq.
        Bradford & Sears, P.C.
        200 Canyon Road, Suite 100
        Birmingham, Alabama 35216

        /s/ Jerry M. Blevins
        Jerry M. Blevins