IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIOLA BELSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO:2:06cv1038WHA |
| | ) |
| PROGRESSIVE HALCYON | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## STATEMENT OF UNDISPUTED FACTS

Comes now the defendant, Progressive Halcyon Insurance Company ("Progressive"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, and submits the following undisputed facts in support of its motion for summary judgment:

1.  Viola Belser ("Belser") was involved in an automobile accident on October 10, 2003. (See Answer).

2.  Progressive issued a policy of automobile insurance and a policy of motor home insurance to Belser. Both policies were in full force and effect on the date of her October 6, 2004 accident. They provided UM coverage. (See Answer).

2.  Progressive made a cognitive review of the Belser's UM claim. It discussed the claim with Belser, obtained the police report, and obtained medical records. Blue Cross/ Blue Shield's subrogation claim was confirmed to be in the amount of $7,537. (See Answer; See also Deposition of Larry David Lackey pp. 15-134).

3. Diagnostic testing reports of Belser's neck obtained immediately after this accident indicated Belser demonstrated degenerative disc disease in the neck which was described by one of Belser's treating physicians, Dr. Julio Rios, as a non-acute condition. (See Deposition of Larry David Lackey pp. 61-65). As a result, Progressive determined that Belser's condition likely preexisted this accident. (See Deposition of Larry David Lackey pp. 63-72).

4. There is no dispute that Progressive offered to pay Viola Belser's claim. (See Deposition of Larry David Lackey p. 96). Moreover, Belser never made a specific demand for her claim during her contact with Progressive. (See Deposition of Viola Belser p. 78).

5. Progressive determined there were legitimate and compelling issues concerning the nature and extent of the Belser's alleged injuries, yet nonetheless offered to settle the claim for $11,505.88. (See Deposition of Larry David Lackey p. 96).

6. It is undisputed that Belser failed to provide any documentation concerning any lost wages she claimed as a result of this accident (See Deposition of Viola Belser pp. 75-76). Belser has also wholly failed to calculate or submit her out-of-pocket expenses. (See Deposition of Viola Belser p. 39).

7. Belser's own testimony is that she is still currently undergoing treatment for injuries she attributes to this accident. (See Deposition of Viola Belser p. 79).

/S/ R. Larry Bradford
R. Larry Bradford, Attorney for Defendant, Progressive Halcyon Insurance Company
Attorney Bar Code: BRA039


/S/ Jereme C. Logan
Jereme C. Logan, Attorney for Defendant, Progressive Halcyon Insurance Company
Attorney Bar Code: LOG017

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road, Suite 100
Birmingham, AL 35216
(205)871-7733

## CERTIFICATE OF SERVICE

I hereby certify that I have this the 17th day of July, 2007, served a copy of the foregoing to all attorneys of record by filing the same electronically to addresses as follows:

Jerry M. Blevins, Esq.
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, AL 36106

/S/ R. Larry Bradford
OF COUNSEL